UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRES CRISTOBAL,<br><br>                Petitioner,<br><br>    v.<br><br>NATHALIE ASHER, et al.,<br><br>                Respondent. | CASE NO. C20-1493-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, a citizen of Guatemala is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkt. 1. On October 8, 2020, he filed a 28 U.S.C. § 2241 habeas corpus petition requesting in count I the Court order respondents to release him or provide him with a second bond hearing. In counts II and III, petitioner requests the Court order respondents, under the Administrative Procedure Act (APA) to ensure the United States Citizenship and Immigration Services (USCIS) decide his "long-delayed asylum application" and issue a writ of mandamus to compel respondents to act on his application. *Id.* at 2.

      On October 7, 2020, plaintiff filed a stipulated motion to dismiss counts II and III on the grounds his asylum claim has now been determined and the claims are therefore moot. Dkt. 16. The Court granted the motion and dismissed counts II and III. Dkt. 17. Accordingly, the sole

REPORT AND RECOMMENDATION - 1

claim for relief before the Court is petitioner's request he be released or alternatively that a second bond hearing be ordered.

For the reasons below, the Court recommends **DENYING** the § 2241 habeas petition and **DISMISSING** the habeas petition with prejudice.

## BACKGROUND

In his habeas petition, petitioner avers he is a citizen of Guatemala, and entered the United States in October 2016. He was designated an unaccompanied minor by the Office of Refugee Resettlement (ORR) and placed in removal proceedings. Dkt. 1 at 5. Petitioner was released from ORR custody in December 2016 and lived in Newport, Oregon. *Id.* On July 25, 2017, petitioner submitted an application for asylum.

In January 2018, petitioner received a work permit. On July 12, 2019, he was arrested in Lincoln County, Oregon for Driving under the Influence. Petitioner pled guilty and was ordered to enroll into a diversion program in lieu of incarceration. *Id.*

In September 2019, petitioner was taken into ICE custody and transferred to the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. *Id.* On December 10, 2019, the Immigration Judge (IJ) conducted a bond hearing and found petitioner failed to meet his burden to show he was not a danger to the community or a flight risk. *Id.* at 7. The IJ detained petitioner finding him both a danger and a flight risk. *Id.* On June 17, 2020, petitioner made a humanitarian release request; the request was denied the next day. *Id.*

Petitioner contends his detention has become unreasonably prolonged and thus violates his due process rights. *Id.* at 11. He argues although he was granted a bond hearing, "District Courts across the country have afforded an individual a second bond hearing after they have faced prolonged detention." *Id.* In affording a second bond hearing, petitioner submits that courts

have applied either test in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1111-13 (W.D. Wash. 2019), or the test in *Mathews v. Eldridge*, 424 U.S. 319 (1976). He argues regardless of the test applied the Court should order a second bond hearing. *Id.* at 12.

In addition to requesting a second bond hearing, petitioner also argues in his habeas petition the USCIS has failed to fulfill its statutory obligation to adjudicate his asylum claim within a reasonable time as required by 8 U.S.C. § 1158(b)(3)(C) and 5 U.S.C. § 555(b). This claim and the request the Court issue a writ of mandamus compelling respondents to act on the application have been dismissed and are no longer before the Court. Plaintiff voluntarily withdrew these claims because an asylum interview was conducted after he filed his habeas petition, and the application has now been determined. *Id.* (see Dkt. 3 Ex. A); Dkt. 16 (stipulated motion to dismiss). Consequently, petitioner moved to dismiss the claims related to the determination of his asylum application (counts II and III) and those claims were dismissed on December 8, 2020. Dkt. 17. Petitioner, however, contends USCIS has jurisdiction over petitioner's application and that he may continue to pursue his asylum claim in removal proceedings. *Id*. at 6.

Respondents oppose petitioner's request for release or a second bond hearing. In their Motion to Dismiss and Return, respondents contend the Court should reject petitioner's request for release and a second bond hearing because he is lawfully detained under 8 U.S.C. § 1226(a) and his current detention does not violate due process. Dkt.8 at 2. Respondents agree petitioner was 17 years old when he was arrested by immigration authorities, he was transferred to the custody of ORR, released to live with a sponsor in Newport, Oregon, applied for asylum, and was taken into custody after he pled guilty to Driving under the Influence in the state of Oregon. *Id.* at 3-4. Respondents contend petitioner's arrest and criminal conviction violated the conditions

REPORT AND RECOMMENDATION - 3

of his release and he was lawfully taken into custody and placed in the NWIPC.

Respondent agrees the IJ conducted a bond hearing on December 10, 2019. Respondent avers that at the bond hearing, petitioner admitted he had four passengers when he was arrested, some of whom were smoking marijuana. *Id.* at 5. The IJ found petitioner failed to meet his burden to show he was not a danger or a flight risk; petitioner did not appeal the IJ's bond determination. *Id.* In their reply, respondents argue petitioner is not entitled to a "Court-ordered" second bond hearing. Dkt. 18 at 2. Respondents contend petitioner may request a custody redetermination whenever circumstances have materially changed since the prior bond redetermination under 8 C.F.R. § 1003.19(e). *Id.* Respondents argue the Court should reject the argument a redetermination request would be futile because petitioner can request redetermination, has never made such a request, and no person can predict the IJ's decision.

Respondent also notes petitioner's removal proceedings have been continued seven times pending adjudication of his asylum application. Also, on February 25, 2020, petitioner's lawyer withdrew based upon an unspecified conflict of interest. *Id.* at 5. On November 5, 2020, USCIS interviewed petitioner regarding his asylum claim, and petitioner's asylum claim has been determined. *See* Dkt. 16.

## DISCUSSION

At issue is petitioner's contention his pre-removal order detention is prolonged and violates his Fifth Amendment due process rights. The parties agree this case is governed by 8 U.S.C. § 1226(a). *See also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants DHS the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless

REPORT AND RECOMMENDATION - 4

the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory.[1] 8 U.S.C. § 1226.

Here petitioner was detained after an initial custody determination under 8 C.F.R. § 236.1(c)(8), and a bond hearing conducted by the IJ. The IJ found petitioner failed to meet his burden to warrant release. As respondent notes, petitioner does not challenge the IJ's December 2018 bond determination. The IJ's decision to deny bond may be appealed to the BIA and it appears petitioner did not appeal. 8 C.F.R. § 236.1(d)(3). If the BIA affirms the IJ's decision, the detainee may seek habeas relief from the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011); *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004). Federal district courts have the jurisdiction to review bond hearing determinations for constitutional claims and legal error, *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), but a court cannot second guess an IJ's discretionary judgment regarding the application of § 1226(a), 8 U.S.C. § 1226(e).

Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e). There is no dispute petitioner has neither appealed the IJ's bond determination nor requested a bond redetermination.

Petitioner's abeas petition requests two different forms of relief. First petitioner requests the Court order his immediate release. However, the fact petitioner is detained does not entitle him to release. Petitioner is detained under § 1226(a) and may be release only if he can show his

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 5

detention is indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1062-63 (2008) (Holding alien's detention was not indefinite because he could be repatriated to Mexico if his petition for review was unsuccessful). Petitioner fails to present evidence that ICE will not be able to remove him if he is ultimately ordered removed. Accordingly, his removal is not indefinite, and he is not entitled to immediate release.

Second, petitioner asks the Court to order respondents to provide him a second bond hearing, and to shift the burden of detention upon respondents. Respondent notes petitioner has already been granted a bond hearing, and under *Jennings v. Rodriguez*, 138 S. Ct. 830, 846-48 (2018) an alien is not entitled to multiple hearings. Dkt. 8 at 9. Respondent argues petitioner should move for a bond redetermination. Petitioner disagrees arguing a request for bond determination would be futile because respondent's assert he has not presented a material change of circumstance. Dkt. 14 at 4.

The Court rejects petitioner's argument. Petitioner could have but failed to seek redetermination at the agency level. This failure does not support the implication that respondents have already pre-determined the outcome of a redetermination request, and that the request would therefore be futile. Rather, the failure simply reflects the fact that at this point, there has been no redetermination request and no presentment of a material change of circumstances. The Court declines to guess at what the IJ would do if petitioner requested redetermination.

The Court also rejects petitioner's argument that a bond redetermination request would be futile because it is futile for petitioner to ask for a hearing that contravenes immigration agency policy and shifts the burden of detention upon the agency. Dkt. 14. at 4.  There is a difference

REPORT AND RECOMMENDATION - 6

between a material change in facts, and the burden of proof that petitioner seeks to shift. The purpose of a bond redetermination is address material changes in the facts that are presented by a detainee surrounding detention, not to shift the burden of detention to respondents. Additionally, the Court's adoption of petitioner's view would essentially render the administrative provision providing for bond redetermination meaningless. It would strip the provision of the need to show a change of circumstances which underlies the provision; it would alter the burden of proof; and it would render the provision automatically "futile" in all cases involving detainees in petitioner's shoes.

Third, turning to petitioner's due process arguments and whether the Court should order another bond hearing, the Supreme Court in *Jennings* reversed Ninth Circuit law requiring aliens detained under § 1226(a) be granted automatic bond hearings every six months at which the government was required to justify continued detention by clear and convincing evidence. *Rodriguez v. Robbins*, 804 F.3d 1060, 1084-85, 1087 (9th Cir. 2015) ("*Rodriguez III*"), *rev'd sub nom Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). The Supreme Court determined the Ninth Circuit misapplied the canon of constitutional avoidance and "[n]othing in § 1226(a)'s text ... even remotely supports the imposition of" periodic bond hearings where the government bears the burden. *Jennings*, 138 S. Ct. at 847. Hence there is no right to an automatic second hearing.

However, the Supreme Court in *Jennings* did not decide whether the Constitution might call for periodic hearings and remanded the case to the Ninth Circuit to consider that question. Petitioner argues due process call for another hearing because he has been detained for nearly 15 months. He contends under either the *Banda v. McAleenan*, or the *Mathews v. Eldridge*, tests, the Court should order a second bond hearing.

The Court applies the *Matthews* test in cases falling under § 1226(a), as it has done so in

REPORT AND RECOMMENDATION - 7

the recent past. *See Almaliki v. ICE Field Office Director*, 2020 WL 5238603 at * 3 (W.D. Wash., Aug. 10, 2020); *see also Viramontes-Gomez v. Nielsen*, No. 18-935, 2018 WL 6111015, at *4 (W.D. Wash. Oct. 18, 2018), R & R adopted, 2018 WL 6107293 (W.D. Wash. Nov. 21, 2018); *Madrigal v. Nielsen*, No. 18-843, 2018 WL 4732469, at *3 (W.D. Wash. Aug. 31, 2018), R & R adopted, 2018 WL 4700552 (W.D. Wash. Oct. 1, 2018) (applying *Mathews* due process analysis to determine whether due process required subsequent bond hearing).

Under the *Mathews* test, the Court assesses due process claims by considering (1) the private interest affected, (2) the government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the particular situation before the court. *Mathews v. Eldridge*, 424 U.S. at 334-35; *see also Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 775 (N.D. Cal. 2019) ("In the absence of binding authority establishing a categorical right to a periodic bond hearing, the Court must conduct an individualized due process analysis pursuant to the conventional [*Mathews*] factors.") (internal quotation marks omitted).

Regarding the first and second *Mathews* factors, petitioner obviously has a private interest in freedom from detention. This important interest "lies at the heart of the liberty that [the Due Process] Clause protects." *Rodriguez* III, 804 F.3d at 1066. Petitioner has been detained since September 2019, and it has been one year since his bond hearing in December 2019.

Petitioner's private interest in freedom from detention is countered by the government's interest. The government also has an important interest in petitioner's continued detention as a mechanism to assure he will appear if ultimately ordered removed and to protect the public from him in light of his criminal history. *See Soto v. Sessions*, No. 18-2891, 2018 WL 3619727, at *4 (N.D. Cal. July 30, 2018) (citing 8 C.F.R. § 236.1(c)(8) (allowing release from detention if noncitizen "is likely to appear for any further proceeding" and "would not pose a danger to

REPORT AND RECOMMENDATION - 8

property or persons").

As to the third factor, petitioner has received one individualized bond hearing before an immigration judge, who found he should be detained as a danger to the community and flight risk. He did not appeal that decision to the BIA, and he presents nothing showing the IJ committed constitutional or legal error. It also does not appear petitioner has requested another bond hearing based on a showing of materially changed circumstances. Rather, petitioner argues the Court should grant his request for another bond hearing so he can appear before a fair and neutral factfinder, and because the government should bear the burden to prove by clear and convincing evidence that he is a danger and flight risk. But there is nothing showing that petitioner's first hearing was conducted by an unfair IJ or that a shift in burden, itself, justifies a new hearing.

Weighing the three *Mathews* factors under the circumstances of this case, the Court concludes petitioner fails to establish his due process rights have been violated due to his continued detention. Although petitioner has been detained for a 15-months and his last bond hearing was held in December 2019, there has been no change in his circumstances that might warrant a different bond determination. *See Lopez Reyes*, 362 F. Supp. 3d at 777 (granting subsequent bond hearing based on evidence of a "material change in circumstances coupled with the passage of time," and noting that the court was "not making a finding that the mere passage of time requires a second bond hearing") (emphasis in original).

The Court is mindful that 15-months of immigration detention is significant. But denial of petitioner's request that he be granted another bond hearing is consistent with the Court's orders denying similar requests in other cases. For instance, in *Almaliki v. ICE Field Office Director, supra,* the Court denied petitioner's request he be granted another bond hearing despite

REPORT AND RECOMMENDATION - 9

the fact petitioner had been detained for over two years. And in *Viramontes-Gomez v. Nielsen*, *supra,* the Court denied petitioner's request for a second bond hearing although he alleged prolonged detention of 530 days, of 17 and a half months.

For the foregoing reasons, the Court recommends the Government's motion to dismiss, Dkt. 8, be **GRANTED** and Petitioner's habeas petition, Dkt. 1, be **DENIED**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 28, 2020. Because Friday January 1, 2021 is holiday**, the Clerk should note the matter for **January 4, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of December 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10